**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 113877

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Elisa J. Mandelos, Patricia Asaro, Jennifer Turchiano, and Heather M. Pedersen, | Docket No: |
| | **COMPLAINT** |
| Plaintiffs, | |
| vs. | JURY TRIAL DEMANDED |
| Midland Credit Management, Inc., | |
| Defendant. | |

Elisa J. Mandelos, Patricia Asaro, Jennifer Turchiano, and Heather M. Pedersen (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Midland Credit Management, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Elisa J. Mandelos is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff Patricia Asaro is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiff Jennifer Turchiano is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

8. Plaintiff Heather M. Pedersen is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

9. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

10. On information and belief, Defendant Midland Credit Management, Inc., is a California Corporation with a principal place of business in San Diego County, California.

11. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

13. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

14. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

15. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

16. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

17. In its efforts to collect the debt alleged owed by Plaintiff Mandelos, Defendant contacted Plaintiff Mandelos by letter ("the Mandelos Letter") dated June 21, 2017. ("**Exhibit 1**.")

18. In its efforts to collect the debt alleged owed by Plaintiff Asaro, Defendant contacted Plaintiff Asaro by letter ("the Asaro Letter") dated June 28, 2017. ("**Exhibit 1**.")

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

19. In its efforts to collect the debt alleged owed by Plaintiff Turchiano, Defendant contacted Plaintiff Turchiano by letter ("the Turchiano Letter") dated June 21, 2017. ("**Exhibit 1**.")

20. In its efforts to collect the debt alleged owed by Plaintiff Pedersen, Defendant contacted Plaintiff Pedersen by letter ("the Pedersen Letter") dated June 21, 2017. ("**Exhibit 1**.")

21. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

22. Plaintiffs' respective debts were all incurred on personal credit card.

23. Plaintiff Mandelos' subject credit card was underwritten by Citibank, N.A.

24. Plaintiff Asaro's subject credit card was underwritten by Synchrony Bank.

25. Plaintiff Turchiano's subject credit card was underwritten by Capital One Bank (USA), N.A.

26. Plaintiff Pedersen's subject credit card was underwritten by Citibank (South Dakota), N.A.

27. The Letters each set forth respective "Current Balance[s]."

28. Pursuant to Plaintiffs' respective underlying credit agreements, Plaintiffs were previously charged interest on any outstanding balances carried on the accounts.

29. Pursuant to Plaintiffs' respective underlying credit agreements, Plaintiffs were previously charged late fees on any payments due but not timely made.

30. Although the respective Letters do no state that Plaintiffs' respective debts are subject to additional interest and late fees, none of the Plaintiffs were never informed by anyone of any changes to the terms and conditions of their credit cards.

31. Although the respective Letters set forth discounted payment options, none of the Letters state that acceptance of any such offers will fully resolve the Debts.

32. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

33. Because interest and late fees were always charged on the accounts and Plaintiffs were never informed by anyone that interest and late fees would no longer be applied, and especially because of the use of the word "Current," the Letters can reasonably be read by the least sophisticated consumer to mean that interest and/or late fees were still accruing.

34. The Letters could also reasonably be read by the least sophisticated consumer to mean that neither interest nor late fees were still accruing.

3

35. The Letters could reasonably be read by the least sophisticated consumer to mean that the debts could be satisfied in full by payment of the respective amounts stated at any time after receipt of the Letters.

36. The Letter could also reasonably be read by the least sophisticated consumer to mean that the amounts stated were accurate only on the respective dates of the Letters because of the continued accumulation of interest and/or late fees.

37. Even if Plaintiffs' respective creditors waived or otherwise declined to exercise their rights to continue to add interest and fees to Plaintiffs' respective accounts pursuant to the underlying credit agreements, the Letters provide no such indication to the least sophisticated consumer.

38. Because the discounted payment options do not indicate whether acceptance of any such option would fully resolve the Debts, the presence of such options would not mitigate the least sophisticated consumer's reasonable uncertainties as to whether the "current" balances are subject to additional interest and fees.

39. Because the Letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

40. For these reasons, Defendant violated 15 U.S.C. § 1692e. *See Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018) (citing *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 949 (7 th Cir. 2004)). *See also Thomas v. Midland Credit Mgmt.*, Inc., No. 217CV00523ADSARL, 2017 WL 5714722, at *4 (E.D.N.Y. Nov. 27, 2017).

## JURY DEMAND

41. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Damages against Defendant in favor of Plaintiff Mandelos pursuant to 15 U.S.C. § 1692k; and

b. Damages against Defendant in favor of Plaintiff Asaro pursuant to 15 U.S.C. § 1692k; and

    c.    Damages against Defendant in favor of Plaintiff Turchiano pursuant to 15 U.S.C. § 1692k; and

    d.    Damages against Defendant in favor of Plaintiff Pedersen pursuant to 15 U.S.C. § 1692k; and

    e.    Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.    Plaintiffs' costs; all together with

    g.    Such other relief that the Court determines is just and proper.

DATED: May 29, 2018

**BARSHAY SANDERS, PLLC**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 113877